**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**

*Richmond Division*

**ERIC C. WILSON,**
                        *Petitioner*,

v.                                Civil Action No.:    3:10cv00536

**W. STEVEN FLAHERTY, SUPERINTENDENT
VIRGINIA DEPARTMENT OF STATE POLICE,**

                        *Respondent.*

**BRIEF IN SUPPORT OF OBJECTION TO PETITIONER'S MOTION TO STAY AND HOLD PROCEEDINGS IN ABEYANCE**

      The respondent, the Superintendent of the Virginia Department of State Police, by counsel, submits the following brief in support of his Objection to the petitioner's Motion to Stay and Hold Proceedings in Abeyance.

      1.     The petitioner filed a petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254, on July 30, 2010.[1]

      2.     The petitioner's criminal conviction for rape became final for purposes of federal habeas corpus on April 7, 2000.[2] The petitioner was fully discharged from custody by the Virginia Department of Corrections on September 26, 2005.

---

[1] The Court has not directed the respondent to file a response to the habeas petition.

[2] Wilson's appeal was refused by the Court of Appeals of Virginia on March 8, 2000. There was no further appeal and no state or federal habeas action, prior to the instant filing.

He is not on probation or parole.  He is required to comply with Virginia's Sex Offender Registry.

3. The petitioner argues that he has presented a "mixed" habeas petition to this Court, and, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), this Court should stay the federal petition he filed on July 30, 2010, so that he can present a claim in a state court habeas petition.  He seeks to raise a claim in state habeas based on allegations of misconduct by the lead Norfolk police detective in his criminal case.

4. The petitioner has identified the claim at issue as "3. Corruption of Investigative Process Claim." (Hab. Pet. at p. 40).  In the claim, he alleges that Norfolk Detective Robert Glenn Ford was a dishonest police officer who "manipulated the prosecution and distorted evidence," knowing the petitioner was not guilty, "in order to protect his career." (Hab. Pet. at p. 41).  Wilson alleges that, but for Ford's "manipulation of witnesses, the evidence and other actors in the criminal justice system," there would have been no evidence against the petitioner. (Hab. Pet. at p. 43).  While Rhines does stand for the proposition that a federal court may in the appropriate case stay a habeas proceeding in order to allow a petitioner to return to state court to exhaust an unexhausted claim, the holding in Rhines does not warrant such a result in this case.

### *No federal habeas jurisdiction*.

5. The petitioner is not in custody for purposes of federal habeas corpus and thus this Court lacks jurisdiction to consider his current habeas case.  See Maleng v. Cook, 490 U.S. 488, 490 (1989).

6. The federal habeas corpus statute authorizes courts to grant relief only to "a person *in cus*tody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Although a petitioner who files a habeas petition while incarcerated pursuant to the challenged judgment always meets the "'in custody' requirement," Spencer v. Kemna, 523 U.S. 1, 7 (1998), there exists no absolute requirement that a petitioner "be physically confined in order to challenge his sentence on habeas corpus." Maleng, 490 U.S. at 491. For example, courts consider a petitioner to remain "in custody" when released to parole or probation. See Jones v. Cunningham, 371 U.S. 236, 241-43 (parole); United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992) (probation).

7. Registration on a sex offender registry does not constitute custody for purposes of federal habeas corpus. "[G]iven the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." Virsnieks v. Smith, 521 F.3d 707, 718-719 (7th Cir. 2008). See Leslie v. Randle, 296 F.3d 518, 521-23 (6th Cir. 2002); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999). See also Mohammed Serdah v. Roanoke County Dept. of Social Services, 7:09cv00071, 2009 U.S. Dist. LEXIS 21362 (central registry for Child Protective Services not custody). Cf. Kitze v. Commonwealth, 23 Va. App. 213, 217-19, 475 S.E.2d 830, 832-33 (1996) (sex offender registration requirement not punitive; General Assembly intended to facilitate law enforcement and protect public, which is regulatory).

8. Because Wilson is not in custody, this Court does not have jurisdiction to entertain his federal habeas case, including the motion to stay and hold proceedings in abeyance to permit Wilson to file a habeas petition in state court. On that basis, this Court should decline to grant the motion.

### *Rhines v. Weber*

9. Even if the Court had jurisdiction, there are additional reasons that the motion should be denied. In Rhines, the Court addressed the remedies available when a petitioner has filed a mixed habeas petition, that is, a petition filed in federal court which contains exhausted and unexhausted claims. In light of the strictures of the time limitations under the AEDPA, the Court in Rhines ruled that a federal court, in its discretion, may stay the proceedings to allow a habeas petitioner in state custody to return to state court in order to exhaust a claim. See Rhines, 544 U.S. at 274-77. The Rhines Court noted that the stay and abeyance procedure should be available only in "limited circumstances." Id. at 277.

10. A petitioner must show good cause for his failure to exhaust the claim; the claim must not be plainly meritless; and the petitioner must not seek the remedy as an abusive litigation tactic or for intentional delay. See id. at 277-78.

### *The petitioner's motion*

11. The petitioner argues in his motion that he should be permitted to raise in state court his claim that misconduct by retired Norfolk Detective Ford entitles him to habeas relief. The petitioner contends "[t]he facts that largely underlie Petitioner's one unexhausted claim came to light only two months ago"

when Detective Ford was indicted in federal court. (Motion to Stay at p. 2). See Case No. 2:10cr-00083.[3] Ford has not yet been tried on the indictment.

12. Count 1 in the indictment alleges that, on dates between March, 2003 and May, 2007, Ford conspired to obtain money to which he was not entitled from individuals charged with crimes, in return for helping them secure release on bond, sentence reductions, or other favorable treatment by falsely representing to authorities that the individuals provided assistance with homicide investigations. The extortion counts in the indictment charge that in 2005 and 2006, Ford improperly accepted payment from individuals in exchange for helping them to receive unjustified reduced sentences or other favorable treatment. The indictment charges that Ford falsely advised authorities that individuals had provided assistance with homicide investigations. The charge of false statements alleges a date in 2010. All of these dates long post-date Eric Wilson's conviction and appeal.

13. Although the petitioner contends that prior to Detective Ford's indictment, "there was no claim #3 to exhaust," (Motion to Stay at p. 3), the particular allegations in claim #3 in the federal petition do not appear to arise from the detective's indictment.

14. While Wilson alleges generally in claim 3 that evidence developed since Ford's indictment demonstrates that Ford manipulated the prosecution and distorted evidence (Hab. Pet. at 41), the actual specific allegations in claim 3 do not stem from the new indictment, but concern matters that were available to the petitioner years ago, had he chosen to pursue such claims. (Hab. Pet. at pp. 41-

---

[3] The indictment was dated May 7, 2010; however, it was unsealed on May 10, 2010.

43). See generally Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005). The petitioner in the instant matter has not shown good cause for his failure to previously raise the allegations in claim 3 in state court.

### *The petitioner is not in custody for purposes of state habeas corpus*

15. Furthermore, a Virginia state court lacks jurisdiction to entertain a habeas petition filed by the petitioner. A habeas petitioner must be able to show that he is in custody in order to bring a habeas corpus action. See Va. Code § 8.01-654(A)(1); McClenny v. Murray, 246 Va. 132, 431 S.E.2d 330 (1993).

16. The detention envisioned in Virginia's state habeas corpus statute is detention pursuant to a sentence of imprisonment, rather than a collateral requirement to comply with a regulatory scheme. The registration requirement pursuant to the sex offender registry statute does not constitute custody. It has been held to be "not penal" in nature, but "solely remedial." Kitze 23 Va. App. at 217, 475 S.E.2d at 832 (1996) (decided under predecessor statute § 19.2-298.1).

17. The petitioner is not in custody for purposes of state habeas corpus and neither the Norfolk Circuit Court nor the Supreme Court of Virginia has jurisdiction to entertain a state habeas petition filed by the petitioner.

### *Virginia Code § 8.01-654(A)(2)*

18. Moreover, even if a state court had jurisdiction to entertain Wilson's habeas petition, consideration of such a petition would be barred by Virginia Code § 8.01-654(A)(2), the state habeas statute of limitations. In Hines v. Kuplinski, 267 Va. 1, 591 S.E.2d 692 (2004), the Supreme Court of Virginia explicitly held that

the statute "contains no exception allowing a petition to be filed after the expiration of these limitations periods." Id. at 2, 591 S.E.2d at 693.

19. Hines argued that application of the state habeas statute of limitations in his case would violate the bar against suspension of the writ of habeas corpus contained in the Virginia Constitution because he was not able to discover the basis for his ineffective counsel claim within the statute of limitations. The Court did not reach the constitutional claim because it determined the record refuted Hines' claim that he was unable to timely discover the claim. See id.[4] Indeed, the Court explicitly stated, "Because the record does not support Hines' assertion that he could not have discovered the grounds for his claim of habeas corpus within the period established by Code § 8.01-654(A)(2), we need not address Hines' constitutional argument." Id. at 3, 591 S.E.2d at 694.[5]

20. As noted above, the allegations in claim 3 concerning Detective Ford, which the petitioner seeks to present to the state court in a habeas petition, are not dependent on the newly issued indictment of Ford. There is no basis for concluding that in the petitioner's case the Virginia state courts would overlook

---

[4] The Court noted Hines' delay in filing his habeas petition resulted from his failure to "to take any action" on information available to him until the limitations periods had run. Id. at 2, 591 S.E.2d at 693-94.
[5] In Haas v. Lee, 263 Va. 273, 278, 560 S.E.2d 256, 258 (2002), the Supreme Court of Virginia did not consider the petitioner's claim that the suspension clause in the Virginia Constitution required an exception to Code § 8.01-654(A)(2) when the petitioner could not have discovered the factual basis for his claim before the expiration of the limitations periods. That issue had not been preserved for review in that case.

7

the now well-established state habeas corpus statute of limitations found in Virginia Code § 8.01-654(A)(2).

WHEREFORE, for the foregoing reasons, the respondent objects to the motion of the petitioner and prays the Court will deny the petitioner's motion.

Respectfully submitted,
Superintendent, Virginia Department of State Police,
Respondent

/s/_____

Virginia B. Theisen
Senior Assistant Attorney General
Virginia State Bar No. 23782
Attorney for the Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
804-786-2071
(FAX) 804-371-0151
vtheisen@oag.state.va.us

## **CERTIFICATE OF SERVICE**

On August 12, 2010, I electronically filed this Brief in Support of Objection with the Clerk of Court by using the CM/ECF system, which will then send a notification of such filing (NEF) to the following: Stephen Atherton Northup, Troutman Sanders LLP, Troutman Sanders Bldg, 1001 Haxall Point, PO Box 1122, Richmond, VA 23218-1122, steve.northup@troutmansanders.com and Joshua David Heslinga, Troutman Sanders LLP, Troutman Sanders Bldg, 1001 Haxall Point, PO Box 1122, Richmond, VA 23218-1122, joshua.heslinga@troutmansanders.com, counsel for the petitioner.


/s/_____

Virginia B. Theisen
Senior Assistant Attorney General
Virginia State Bar No. 23782
Attorney for the Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
804-786-2071
(FAX) 804-371-0151
vtheisen@oag.state.va.us