IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**ERIC C. WILSON,**

    Petitioner,

v.                                                                                     Civil Action No. **3:10CV536**

**W. STEVEN FLAHERTY,**

    Respondent.

**MEMORANDUM OPINION**

Eric C. Wilson, a former Virginia inmate proceeding with counsel, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Wilson raises three grounds for relief:

1. Wilson is actually innocent of the crime of his conviction. (§ 2254 Pet. 37.)

2. The Commonwealth suppressed exculpatory evidence. (§ 2254 Pet. 39.)

3. The lead police investigator was corrupt and is currently under indictment for corruption. (§ 2254 Pet. 40.)

Wilson contends that the first two grounds for relief are exhausted, in that no state remedies remain available for those claims. He admits, however, that he has not exhausted the third ground for relief because the facts supporting the third ground recently developed. For this reason, Wilson has moved the Court to stay and abey his petition for a writ of habeas corpus to allow him to exhaust the third claim in state court.

Respondent objects to Wilson's motion to stay and abey. Respondent claims that because Wilson is not in custody, this Court does not have jurisdiction over Wilson's underlying habeas petition, and therefore the Court may not consider the merits of his stay and abey request. Respondent does not cite any legal authority for the proposition that the Court may not address

the stay and abey motion. For this reason, the Court construes Respondent's objection to the motion to stay and abey as a motion to dismiss the underlying petition for lack of jurisdiction.[1]

## I. PROCEDURAL HISTORY

In July 1997, Michelle Bosko was raped and murdered in her apartment.[2] "Eventually, five men were convicted with respect to crimes against Michelle Bosko: Derek Tice, Danial Williams, Joseph Dick, Eric Wilson, and Omar Ballard." *Tice v. Johnson*, No. 3:08CV69, 2009 WL 2947380, at *1 (E.D. Va. Sept. 14, 2009). On June 21, 1999, a jury returned a verdict of not guilty against Wilson on the first-degree murder charge and a verdict of guilty on the rape charge. Wilson was sentenced to eight and one-half years in prison.

Wilson filed a petition for appeal with the Court of Appeals of Virginia, which the Court of Appeals of Virginia denied on March 8, 2000. Wilson did not appeal to the Supreme Court of Virginia.

In 2004, Wilson, Tice, Williams, and Dick petitioned the Governor of Virginia for absolute pardons. In 2005, Wilson's sentence expired, he was released from prison, and he returned to his parents' home in Texas. In 2009, Governor Kaine concluded that Tice, Williams, Dick, and Wilson "had raised 'substantial doubt' about the validity of their convictions, but had not 'conclusively established [their] innocence.'" (§ 2254 Pet. ¶ 10 (alteration in original).) The Governor issued conditional pardons to Tice, Williams, and Dick, released them from prison, but

---

[1] Wilson argues that the Court need not address Wilson's custody classification until the petition comes properly before the Court after the stay expires. Wilson does not cite any legal authority for his position that the Court may consider the merits of the stay and abeyance even if he is not in custody.

[2] For a full factual history of the crimes and subsequent proceedings, see *Tice v. Johnson*, No. 3:08CV69, 2009 WL 2947380, at *1–6 (E.D. Va. Sept. 14, 2009).

kept their convictions in place. (§ 2254 Pet. ¶ 11.) The Governor denied any relief to Wilson because Wilson was no longer in prison. (§ 2254 Pet. ¶ 11.)

Wilson currently resides in Texas, and is subject to sex-offender registration requirements and the collateral consequences of being on the sex-offender registry. Wilson filed a petition for a writ of habeas corpus and requests the Court to expunge his record and release him from the requirement of registering as a sex offender.

## II. "IN CUSTODY" REQUIREMENT

To qualify for relief under 28 U.S.C. § 2254, a petitioner must be in custody. 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (*citing Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). The in-custody requirement is jurisdictional. *Id.* at 490.

Although the term "in custody" encompasses petitioners subject to immediate physical imprisonment, the term also includes those subject to some other restraints on freedom. *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 510 (1982). For example, an individual on parole or probation, *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963), sentenced to a rehabilitation program, *Dow v. Circuit Court of First Circuit Through Huddy*, 995 F.2d 922, 923 (9th Cir. 1993), sentenced to community service, *Barry v. Bergen Cnty. Probation Dep't*, 128 F.3d 152, 161 (3d Cir. 1997), or civilly committed, *Duncan v. Walker*, 533 U.S. 167, 176

(2001) (*citing Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988)), may satisfy the in-custody requirement. These individuals satisfy the in-custody requirement because they suffer "substantial restraints not shared by the public generally." *Lehman*, 458 U.S. at 510.

Not all restraints satisfy the in-custody requirement. The Supreme Court "has consistently recognized a clear limitation" on the scope of habeas corpus. *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. For example, the fact that a felon may not vote, hold public office, or serve as a juror is considered a "collateral consequence" and does not form a basis for habeas relief. *Id.* at 491–92 (*citing Carafas*, 391 U.S. at 238).

In this case, Wilson is not incarcerated. He was released from prison in 2005. (§ 2254 Pet. ¶ 12.) Since that time, he has lived in Texas with his family. Wilson bases his ground for habeas relief in the fact that he is a registered sex offender. This means that Wilson must register in person with the local sheriff's department each year. (Reply Resp't's Obj. Pet'r's Mot. (Docket No. 5) Ex. 1 ("Wilson Decl.") ¶ 3.) Wilson must carry a sex offender card at all times or suffer a legal penalty. (Wilson Decl. ¶ 3.) He is characterized as a violent sex offender on the public national sex offender registry. (Wilson Decl. ¶ 3.) As an electrician, Wilson is prohibited from working on certain job sites because of his status. (Wilson Decl. ¶ 4.) On one occasion, for example, Wilson was removed from a Department of Homeland Security building because of his status. (Wilson Decl. ¶ 4.) Wilson may not leave the country. (Wilson Decl. ¶ 6.) If he is away from home for more than twenty-four hours, he must notify the authorities in person. (Wilson

Decl. ¶ 6.) He endures humiliation each time he visits his step-son's school because the school performs a background check for each visitor. (Wilson Decl. ¶ 10.) Furthermore, Wilson may not adopt his step-son because of Wilson's sex-offender status. (Wilson Decl. ¶ 5.)

Despite these consequences of being a convicted sex offender, federal courts have unanimously[3] held that sex-offender registration and its collateral consequences do not qualify as "custody" for habeas relief.[4] Courts base these findings on the fact that the registration statutes analyzed do not significantly restrain sex offenders' liberty. *See, e.g.*, *Virsnieks v. Smith*, 521 F.3d 707, 717–18 (7th Cir. 2008) (*citing Jones*, 371 U.S. at 243 (1963)). In other words, the regulations "are more analogous to collateral consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole." *Leslie v. Randle*, 296 F.3d 518, 523 (6th Cir. 2002). Wilson attempts to distinguish his situation from those who have raised this argument before. (Reply Resp't's Obj. Pet'r's Mot. 7.) His arguments, however, do not persuade.

---

[3] Neither the United States Court of Appeals for the Fourth Circuit nor any District Court within the Fourth Circuit has ruled on the issue of whether a sex-offender registrant is in custody for habeas corpus purposes.

[4] *See, e.g.*, *Virsnieks*, 521 F.3d at 719–21; *Leslie*, 296 F.3d at 523; *Henry v. Lungren*, 164 F.3d 1240, 1241–42 (9th Cir. 1999); *McNab v. Kok*, 170 F.3d 1246 (9th Cir. 1999); *Williamson*, 151 F.3d at 1182–84; *Frazier v. Colorado*, No. 08-cv-02427-CMA, 2010 WL 2844080, at *5 (D. Colo. July 16, 2010); *Coleman v. Arpaio*, No. 09-6308 (PGS), 2010 WL 1707031, at *3 (D.N.J. Apr. 27, 2010); *Cravener v. Cameron*, No. 2:08-cv-1568, 2010 WL 235119, at *7 (W.D. Pa. Jan. 15, 2010); *Stevens v. Fabian*, No. 08-1011 ADM/AJB, 2009 WL 161216, at *8–10 (D. Minn. Jan. 22, 2009); *Johnson v. Ashe*, 421 F. Supp. 2d 339, 342 (D. Mass. 2006) (collecting older federal district court cases); *see also Resendiz v. Kovensky*, 416 F.3d 952, 959 (9th Cir. 2005) (concluding that narcotics-offender registration is not significantly different from sex-offender registration to command a different result).

For example, Wilson argues that because he must register in person, he is subject to a more substantial burden on his liberty than those sex offenders who may register by mail. The United States District Court for the District of Colorado recently rejected this exact argument. *See Frazier*, 2010 WL 2844080, at *4. There, the Court determined "that the additional minimal burden imposed by the requirement to register in person does not materially distinguish Colorado's sex offender registration statute from the state statutes addressed by the Seventh and Ninth Circuits as a more significant restraint on individual liberty." *Id.*

The Court finds that the statutes Wilson challenges[5] are likewise materially indistinguishable from those statutes analyzed by the Seventh and Ninth Circuits. Although Wilson must register in person (Wilson Decl. ¶ 3), the statutes do not restrict Wilson's "ability to travel or move, but simply require[] [him to] register initially with the local law enforcement office where [he] resides, register annually thereafter, and advise the local law enforcement office of any changes in certain personal information." *Frazier*, 2010 WL 2844080, at *4. Such "minimal burden imposed by the requirement to register in person" is not such a significant restraint on individual liberty that the requirement renders a person "in custody." *Id.* (*citing Henry*, 164 F.3d at 1242; *McNab*, 170 F.3d at 1247). Accordingly, the "negligible effect on [Wilson's] physical liberty or movement" fails to satisfy the "in custody" requirement. *Id.* at 5.

Wilson also disagrees with Respondent's argument regarding the remedial and regulatory nature of Virginia's registration requirement. Respondent argues that "[t]he registration requirement pursuant to the sex offender registry statute does not constitute custody. It has been

---

[5] Va. Code Ann. § 9.1-900, *et seq.*; *id.* § 18.2-370.5; Tex. Code Crim. Proc. Ann. Art. 62.001, *et seq.* (West 2009).

held to be 'not penal' in nature, but 'solely remedial.'" (Br. Supp. Obj. Pet'r's Mot. (Docket No. 4) ¶ 16 (*quoting Kitze v. Commonwealth*, 475 S.E.2d 830, 832 (Va. Ct. App. 1996)).) Wilson claims that this distinction is irrelevant. Wilson argues that "[t]he purpose of a restraint, disability, or condition has no bearing on the fact of such restriction." (Reply Resp't's Obj. Pet'r's Mot. 8 n.4.)

Wilson cannot prevail. Numerous courts have relied on the non-punitive purpose of sex-offender registration to conclude that a petitioner is not in custody. *See, e.g., Leslie*, 296 F.3d at 520 (noting that the Ohio Supreme Court held Ohio's sex-offender registration requirement did not violate the Ex Post Facto Clause "because its provisions serve the remedial purpose of protecting the public" (*quoting State v. Cook*, 700 N.E.2d 570, 585 (Ohio 1998))); *Williamson*, 151 F.3d at 1184 ("Another reason to find that the Washington sex offender law creates a mere collateral consequence of conviction is . . . that the Washington law is 'regulatory and not punitive' . . . ." (*quoting Russell v. Gregoire*, 124 F.3d 1079, 1093 (9th Cir. 1997))); *Frazier*, 2010 WL 2844080, at *5 ("[A]lthough Colorado's sex offender registration statute places burdens on sex offenders that are not shared by the public generally . . . [they] are collateral consequences . . . . Notably, Colorado's sex offender registration requirements are remedial, not punitive." (*citing Mayo v. People*, 181 P.3d 1207, 1212 (Colo. App. 2008))).

Virginia's sex-offender registration requirement is likewise "*not* penal." *Kitze*, 475 S.E.2d at 832. Virginia's General Assembly enacted the registration requirement "to facilitate law enforcement protection of children." *Id.* "Protecting the public and preventing crimes are

regulatory, not punitive, purposes."[6] *Id.* (*citing Artway v. Att'y Gen. of N.J.*, 81 F.3d 1235, 1264 (3d Cir. 1996)). "The remedial nature of the sex offender registration statute supports the conclusion that the requirements are a collateral consequence of conviction rather than a significant restraint on liberty." *Frazier*, 2010 WL 2844080, at *5 (*citing Virsnieks*, 521 F.3d at 720; *Williamson*, 151 F.3d at 1184; *Leslie*, 296 F.3d at 523). The regulatory nature of the statute supports the Court's finding that Wilson is not in custody.

In sum, every federal court that has considered the issue holds that sex-offender registration requirements do not render a petitioner in custody for habeas relief. Wilson fails to distinguish his situation from the plight of petitioners in these other cases.[7]

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the final order in a Section 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S.

---

[6] The Texas statutes are likewise "non-punitive" and "remedial." *Ex parte Covey*, No. PD-0145-09, 2010 WL 1253224, at *8 (Tex. Crim. App. Mar. 31, 2010) (Cochran, J., concurring); *see also Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004).

[7] The Court notes that a habeas petitioner might satisfy the in-custody requirement if the petitioner (1) is challenging an earlier, expired rape conviction and (2) is currently incarcerated for failing to register as a sex offender because the earlier rape conviction is a necessary predicate to the current crime. *Zichko v. Idaho*, 247 F.3d 1015, 1020–21 (9th Cir. 2001).

8

880, 893 n.4 (1983)). Although the "in custody" requirement has been codified, the heart of the question lies in the case-or-controversy requirement of Article III of the Constitution.[8] Moreover, a number of federal Courts have issued COAs to determine whether a petitioner has satisfied the "in custody" requirement. *See, e.g., McCormick v. Kline*, 572 F.3d 841, 844 (10th Cir. 2009); *Ogunwomoju v. United States*, 512 F.3d 69, 71 n.2 (2d Cir. 2008); *Resendiz v. Kovensky*, 416 F.3d 952, 955 (9th Cir. 2005) Accordingly, it is appropriate for this Court to determine whether a COA should issue.[9]

Because "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," *Slack*, 529 U.S. at 484, the Court will GRANT a COA. The COA will be granted as to the specific issue regarding whether Wilson is considered "in custody" such that the relief afforded by habeas corpus is available to him. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1).

---

[8] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("[Incarceration] is all the 'in custody' provision of 28 U.S.C. § 2254 requires. The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2 of the Constitution." (citations omitted)); *Leonard v. Hammond*, 804 F.2d 838, 842-43 (4th Cir. 1986).

[9] In *Reid v. True*, 349 F.3d 788, 795 n.2 (4th Cir. 2003), the Fourth Circuit recognized a circuit split regarding whether statutory questions may be appealed via COA. *Compare Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (holding that if the underlying habeas proceeding "presents a substantial constitutional question, then an independently substantial statutory issue may come along for the ride"), *with Marshall v. Hendricks*, 307 F.3d 36, 81 (3d Cir. 2002) (refusing to follow *Ramunno* when the basis for a COA is purely statutory), *and United States v. Harden*, 45 F. App'x 237, 239 (4th Cir. 2002) ("A certificate of appealability must be based on the denial of a constitutional right; disputes about statutory questions are insufficient to support the issuance of such a certificate." (*citing Ramunno*, 264 F.3d at 725)).

## IV. CONCLUSION

Respondent's objection to Wilson's motion to stay and abey will be SUSTAINED. Wilson's motion to stay and abey will be DENIED WITHOUT PREJUDICE to refiling if his custody classification changes. Wilson's petition for a writ of habeas corpus will be DENIED WITHOUT PREJUDICE. The Court will GRANT a certificate of appealability. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/20/11
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge